UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| BROOKLINE SCHOOL COMMITTEE | ) |
| v. | ) |
| THE BUREAU OF SPECIAL EDUCATION APPEALS OF THE MASSACHUSETTS DIVISION OF ADMINISTRATIVE LAW APPEALS, AND NEIL LEONARD AND MARIA MAGDALENA CAMPOS-PONS, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF "EARL"[1] | ) |

COMPLAINT FOR JUDICIAL REVIEW OF FINAL DECISION
OF STATE ADMINISTRATIVE AGENCY

Jurisdiction

1.  This is a complaint for judicial review of a final decision of the Defendant Bureau of Special Education Appeals of the Massachusetts Division of Administrative Law Appeals, pursuant to 20 U.S.C. s. 1415(i)(2) of the Individuals with Disabilities Education Act ("IDEA").

Parties

2.  Plaintiff is the Brookline School Committee (hereinafter, "Brookline"), a body politic established under the laws of the Commonwealth of Massachusetts, with a usual place of business at 333 Washington Street, Brookline, Massachusetts.

---

[1] "Earl" is a pseudonym chosen by the BSEA Hearing Officer to protect the privacy of the student.

1

3. Defendant Bureau of Special Education Appeals of the Massachusetts Division of Administrative Law Appeals (hereinafter, the "BSEA"), has a usual place of business at 75 Pleasant Street, Malden, Massachusetts.

4. Defendants Neil Leonard and Maria Magdalena Campos-Pons (hereinafter, the "Parents"), individually and as parents and next friends of "Earl" (hereinafter, the "Student"), reside in Brookline, Massachusetts.

Cause of Action

5. The Student, who is eligible for special education and related services under the IDEA, attended the tenth grade at Brookline High School during the 2008-09 school year.

6. On September 1, 2009 Brookline convened the Student's Team to review his Individual Education Program ("IEP").

7. At Student's September 1, 2009 Team meeting, the Team determined that Student required a more structured, therapeutic educational placement than Brookline High School.

8. On or about September 2, 2009 Brookline forwarded an IEP to Parents proposing Student's placement at a therapeutic "out of district day placement" for his 2009-10 school year and invited the Parents to look at and arrange for intake interviews at up to three "Chapter 766 approved" special education schools. Parents did not complete intake interviews at these schools.

9. On September 11, 2009, the Parents notified Brookline of their intention to enroll the Student at the Eagle Hill School, a private, "non-Chapter 766 approved" residential school in Hardwick, Massachusetts (hereinafter, "Eagle Hill").

10. On September 17, 2009, Brookline forwarded a revised IEP to the Parents, along with a narrative description of its proposal to place Student in a therapeutic, out of district day placement.

11. Parents enrolled Student as a residential student at Eagle Hill in September 2009.

12. Since early September 2009, the Parents have maintained that Student required a residential placement during his 2009-10 school year in order to receive a Free, Appropriate Public Education ("FAPE").

13. Since early September 2009, Brookline has maintained that the Student did not require a residential placement during his 2009-10 school year in order to receive a FAPE.

14. In an effort to resolve the dispute between the parties, Brookline offered to fund the day portion of Student's tuition at Eagle Hill by letter to Parents' counsel dated September 14, 2009. Thereafter, this offer was renewed on at least two occasions by letters to Parents' counsel dated September 25, 2009 and October 9, 2009.

15. The Parents, by and through their counsel, formally responded to Brookline's offers on November 20, 2009. Parents' November 20, 2009 letter acknowledged receipt of Brookline's offers to resolve the dispute, outlined their perception of the dispute, and proposed a "structure for an agreement."

16. No further settlement discussions occurred, and the Student continued to attend Eagle Hill as a residential student for the remainder of the 2009-10 school year at Parents' expense.

17. On May 6, 2010, Brookline reconvened the Student's Team to develop an IEP for Student's 2010-11 school year. Once again, the Team proposed an out of district, therapeutic day program for Student at a number of appropriate, "Chapter 766 approved" schools.

18. On July 30, 2010, the Parents filed a Request for Expedited Hearing at the BSEA, alleging that Student was without an educational placement and program for the 2010-11 school year, and seeking an Order from the BSEA for a residential placement at Eagle Hill. The Parents' July 30, 2010 Request for Expedited Hearing did not address or seek any relief with respect to Student's 2009-10 school year and placement.

19. Brookline conducted a formal resolution meeting with the Parents regarding their July 30, 2010 Request for Hearing on August 6, 2010 and an agreement was reached. On or about August 22, 2010, the Parents signed a written Resolution Agreement that memorialized the parties' agreement and fully resolved the dispute between Brookline and Parents pertaining to Student's 2010-11 school year.

20. By their August 22, 2010 Resolution Agreement, Brookline agreed to fund the day portion of Student's 2010-11 placement at Eagle Hill, and the Parents agreed to withdraw their Request for Hearing at the BSEA.

21. Pursuant to 20 U.S.C. s. 1415(f)(3)(C), the Parents were obligated to file their Request for Hearing pertaining to Student's educational placement during the 2009-10 school year with the BSEA within two years of the date they knew, or should have known, about the alleged action that formed the basis of their complaint.

22. The Parents filed their Request for Hearing pertaining to Student's 2009-10 school year with the BSEA on November 21, 2011. By their November 21, 2011 Request for Hearing the Parents sought, in part, an Order from the BSEA requiring Brookline to reimburse them for the full cost of Student's residential placement at Eagle Hill for the 2009-10 school year.

23. Since early September 2009, the Parents have been represented by counsel in their dispute with Brookline concerning Student's educational placement during the 2009-10 school year, and successive school years.

24. Since early September 2009, the Parents knew, or should have known, about the alleged action that formed the basis of their complaint against Brookline regarding Student's educational placement during his 2009-10 school year.

25. On December 1, 2011, Brookline filed a Partial Motion to Dismiss Parents' November 21, 2011 Request for Hearing at the BSEA, seeking, in part, a dismissal of Parents' claim pertaining to Student's educational placement during the 2009-10 school year, on the ground that such claim is precluded by the relevant statute of limitations.

26. The Parents filed an Opposition to Brookline's Motion to Dismiss on December 12, 2011.

27. On February 7, 2012 the BSEA issued a decision (the "Decision") granting Brookline's Motion to Dismiss, in part, by dismissing Parents' claims pertaining to Student's 2009-10 school year for the period of time between September 1, 2009 through November 21, 2009, but not for the remaining portion of such school year.  A copy of the Decision is attached hereto as Exhibit "A" and is incorporated herein by reference.

28. The Plaintiff, Brookline School Committee, is aggrieved by so much of the Decision as fails to dismiss Parents' claim against Brookline for the remaining portion of Student's 2009-10 school year, on the grounds that such Decision is incorrect as a matter of law, is not supported by a preponderance of the evidence, is arbitrary and capricious, and is unwarranted by the facts in the record.

WHEREFORE, the Plaintiff, Brookline School Committee, prays that this Court reverse so much of the Decision as fails to dismiss Parents' claims against Brookline pertaining to Student's educational placement for the period of time between November 22, 2009 and the conclusion of the 2009-10 school year; and award Brookline such other and further relief as the Court deems just and appropriate.

Dated: May 7, 2012

THE PLAINTIFF,
Brookline School Committee
By its/their attorney,

/s/ Joslin Ham Murphy
Joslin Ham Murphy
BBO No. 553471
333 Washington Street
Brookline, MA 02445
(617) 730-2190
jhmurphy@brooklinema.gov