February 7, 2012

# COMMONWEALTH OF MASSACHUSETTS
# BUREAU OF SPECIAL EDUCATION APPEALS

---

*BROOKLINE PUBLIC SCHOOLS*

*v.*

Earl

BSEA # 12-3430

---

BEFORE

**RAYMOND OLIVER,**

**HEARING OFFICER**

Ray Wallace, Attorney for Parents

Joslin Murphy, Attorney for School

# COMMONWEALTH OF MASSACHUSETTS

## Division of Administrative Law Appeals

## Bureau of Special Education Appeals

In Re: Earl[1]                                                             BSEA #12-3430

### RULING ON SCHOOL'S PARTIAL MOTION TO DISMISS THIS APPEAL

This ruling is rendered pursuant to M.G.L. Chapters 30A and 71B; 20 U.S.C. §1400 et seq.; 29 U.S.C. §794; and the regulations promulgated under these statutes.

**BACKGROUND**

On November 21, 2011 Parents filed a detailed hearing request with the BSEA seeking: 1) reimbursement for Earl's placement at Eagle Hill for the 2009-2010 school year; 2) reimbursement for Earl's placement at Eagle Hill for the 2010-2011 school year; and 3) reimbursement and prospective relief for Earl's placement at Eagle Hill for the 2011-2012 school year.

On December 1, 2011 Brookline Public Schools (Brookline) filed a Partial Motion to Dismiss Parents' Appeal pertaining to the 2009-2010 and 2010-2011 school years, with a statement of facts, exhibits and written legal argument as to why Parents' claims should be dismissed for these years. A pre-hearing conference call was scheduled for December 12, 2011. Parents filed their Opposition To Brookline's Partial Motion to Dismiss also on December 12, 2011. During the December 12, 2011 pre-hearing conference call, a telephonic motion session to hear oral arguments on Brookline's Partial Motion to Dismiss and Parents' Opposition thereto was scheduled for December 21, 2011 and took place on that date. At the conclusion of the motion session, the Hearing Officer allowed the parties until January 4, 2012 to file any case law to further support their respective positions regarding the statute of limitations. Both parties did so on January 4, 2012. On January 5, 2012, Brookline filed a Motion To Strike Parents' January 4, 2012 additional argument regarding the statute of limitations issue. The Hearing Officer waited seven days for Parents to file any written opposition to Brookline's Motion to Strike. No opposition was filed. The record closed on January 12, 2012.

---

[1] Earl is a pseudonym chosen by the Hearing Officer to protect the privacy of the student in publicly available documents.

## SUMMARY OF FACTS[2]

Earl attended public schools within Brookline through the tenth grade in June 2009. Earl received updated educational and psychological evaluations over the 2009 summer. On September 1, 2009, Earl's team met and decided that Earl required a more structured and therapeutic educational placement than Brookline High School could provide. On September 2, 2009 Brookline proposed an Individual Education Plan (IEP) calling for Earl be placed in an unspecified out of district day school placement. On September 11, 2009 Parents requested an emergency team meeting and notified Brookline that they were placing Earl at Eagle Hill School as a residential student. On September 17, 2009 Brookline forwarded a revised 2009-2010 IEP to Parents, along with a narrative description of the proposal. The revised IEP proposed an unspecified out of district day placement for Earl. This proposal stated that placement at Eagle Hill could not be authorized because: 1) Eagle Hill was not an approved special education school by the Massachusetts Department of Elementary and Secondary Education (MDESE); and 2) the team had agreed to a day placement and Parents were now seeking a residential placement. Brookline's position was that Earl should receive special education service at a MDESE approved day school and that the family continue with the application process at Willow Hill School, Beacon High School, and Corwin Russell School, all MDESE approved private day school placements.. However, due to the timelines and Parents' unilateral placement of Earl at Eagle Hill, Brookline offered to fund the day school tuition at Eagle Hill in order to resolve the dispute between the parties. Brookline's attorney renewed Brookline's offer several times to Parents' attorney during the fall of 2009, and Parents' attorney responded in late November 2009. However, no agreement was reached, nor did the team ever reconvene regarding Earl's 2009-2010 IEP.

On May 6, 2010 Brookline reconvened Earl's team to develop an IEP for the 2010-2011 school year. The team again proposed an out of district, therapeutic day school placement at a number of MDESE approved private day schools. On July 30, 2010 Parents filed a request for hearing before the BSEA (BSEA# 11-0937) requesting the BSEA to order Brookline to fund a residential placement for Earl at Eagle Hill for the 2010-2011 school year. On August 6, 2010 a resolution meeting was held. Following consultation with counsel, the parties executed a Resolution Agreement. The executed Resolution Agreement is set out below in its entirety:

### *RESOLUTION AGREEMENT*

*The [parents] of Brookline, Massachusetts ("Parents"), and the Brookline Public Schools ("Brookline") hereby agree as follows:*

1. *On or about July 30, 2010, the Parents filed a Request for Expedited Hearing at the Department of Secondary and Elementary Education Bureau of Special*

---

[2] The Summary of Facts is taken directly from Parents' Hearing Request and/or Brookline's Statement of Facts and Exhibits (which was largely also taken from Parents' Hearing Request). There has been no dispute regarding these facts.

2

> *Education Appeals. Their Request for Hearing is attached hereto as Exhibit "A.."*
>
> 2. *By their Request for Hearing, the Parents seek to have Brookline "produce and propose an IEP placing Earl in the Eagle Hill's residential program for the beginning of the 2010-11 school year."*
>
> 3. *The parties agree that [Earl] requires an out of district educational placement for the 2010-11 school year. The dispute centers on (a) whether [Earl]'s placement should be at the Eagle Hill School in Hardwick, Massachusetts during the 2010-11 school year; and (b) whether [Earl] requires a residential placement in order to receive a FAPE.*
>
> 4. *The Parents placed their son at the Eagle Hill School in September 2009.  <u>In resolution of the dispute between the parties, and to avoid the expense and inconvenience of a hearing, the parties agree as follows:</u>*
>
>     a. *Brookline agrees to (a) write an IEP for a day placement at the Eagle Hill School for 2010-11 school year; (b) to fund the day tuition component of such placement, and (c) to reimburse the Parents, on a mileage basis, for this actual costs of transporting [Earl] to and from the Eagle Hill School on weekends and holidays during such school year.*
>
>     b. *The Parents agree to pay for all other costs and expenses related to [Earl's] placement at Eagle Hill School.*
>
>     c. *<u>Upon the execution of this Agreement by both parties, the Parents agree to withdraw their Request for Hearing in this matter.</u> Emphasis added.*

On August 26, 2010 Parents' attorney wrote to the BSEA withdrawing Parents' Hearing Request in BSEA #11-0937 noting: <u>Parties have executed a Resolution Agreement regarding the 2010-2011 school year.</u> Emphasis added.

Before the beginning of the 2011-2012 school year the team met to draft Earl's 2011-2012 IEP. On September 16, 2011 Brookline proffered an IEP proposing an out of district day school placement at Eagle Hill for Earl. Brookline continues to reimburse Parents for Earl's day school tuition at Eagle Hill.

Specifically, through this hearing request, Parents seek reimbursement from Brookline for both the day and residential costs of Earl's Eagle Hill placement for the 2009-2010 school year; reimbursement from Brookline for the residential costs of Earl's Eagle Hill placement for the 2010-2011 school year; and reimbursement and prospective funding from Brookline for the residential costs of Earl's Eagle Hill placement for the 2011-2012 school year.

3

**STATEMENT OF POSITONS**

<u>Brookline's position</u> is that it seeks dismissal of Parents' claims pertaining to the 2009-2010 and 2010-2011 school years. As grounds for dismissal Brookline states that Parents' 2009-2010 claims are precluded by the relevant statute of limitations and Parents' 2010-2011 claims are barred by the terms of the resolution agreement reached between the parties in August 2010.

Regarding the 2009-2010 school year, Brookline states that 20 U.S.C. §1415(f)(3)(C) provides for a two year statute of limitations. Brookline contends that Parents' dispute with Brookline began in early September 2009 when the team proposed an out of district day school program for Earl but Parents instead unilaterally enrolled him at Eagle Hill as a residential student. Brookline contends that Parents have been aware of Brookline's position since early September 2009 but failed to request a due process hearing within the required two year statute of limitations. Parents did not file this hearing request until November 21, 2011. Therefore, Brookline contends that Parents' claims pertaining to the 2009-2010 school year are barred as a matter of law.

Regarding the 2010-2011 school year, Brookline contends that Parents' claims for reimbursement of Earl's residential costs are barred by the terms of the August 22, 2010 Resolution Agreement cited above. Brookline contends that both sides entered into and executed the Resolution Agreement with the benefit of and assistance of counsel; and that the Resolution Agreement resolved the parties' dispute concerning Earl's 2010-2011 educational placement and costs.

<u>Parents' position</u> is that the applicable statue of limitations does not bar recovery for the 2009-2010 school year and that any agreement entered into by Parents and Brookline regarding the 2010-2011 school year did not bar further recovery for failure to provide a free and appropriate public education.

Regarding the 2009-2010 school year, Parents contend that their claim for reimbursement is not barred by the two year statute of limitations "due to Brookline's continuing wrong of refusing to offer a placement" and that "the entire wrong can be addressed so long as any part is with/in the statute of limitations". Parents further contend that, in any event, Parents may recover for all costs incurred <u>after</u> November 21, 2009. Since the basis of Parents' complaint is an ongoing dispute, the origin of the dispute lying outside of the two year window of the statute of limitations does not bar recovery for any costs incurred within two years of the hearing request.

Regarding the 2010-2011 school year, Parents contend that their reimbursement claim is not barred by the terms of the Resolution Agreement because the Resolution Agreement does not explicitly release Brookline from liability and cannot be read to preclude litigation over the failure of Brookline to provide a free and appropriate public education to Earl during the 2010-2011 school year.

4

**RULING**

Based upon the written motion, opposition, arguments and memoranda submitted, the oral arguments offered at the motion session, and a review of the applicable law, I rule as follows:

I.  Brookline's Motion to Dismiss the 2009-2010 school year is **GRANTED IN PART** and **DENIED IN PART.**

II.  Brookline's Motion to Dimiss the 2010-2011 school year is **GRANTED.**

My analysis follows.

Under 801 CMR 1.01(7)(g)(3) – Standard Adjudicatory Rules of Practices and Procedure; Rule XVII(B)(4) – Hearing Rules for Special Education Appeals; F.R.C.P. Rule 12(b)(6); and M.R.C.P. Rule 12(b)(6), the standards applicable to a motion to dismiss are essentially identical: a motion to dismiss may be granted if the party requesting the appeal or hearing fails to state a claim upon which relief may be granted. Therefore, a hearing officer, considering all of the allegations in a hearing request to be true, may dismiss the case if he or she cannot grant relief under either the federal or state special education statutes (20 U.S.C. §1400 et. seq. or M.G.L.c.71B) or the relevant portions of Section 504 (29 U.S.C. 794).

**I**

20 U.S.C. §1415(f)(3)(C) *Timeline for requesting hearing* provides, in pertinent part:

> A parent or agency shall request an impartial due process hearing within 2 years of the date parent or agency knew or should have known about the alleged action that forms the basis of the complaint.

Parents' Hearing Request in the instant case was filed on November 21, 2011. Based upon the above-cited Individuals with Disabilities Education Act (IDEA) statute of limitations, Parents can "reach back" for two years, i.e. to November 21, 2009. Therefore, all parental claims against Brookline prior to November 21, 2009, specifically including actions taken by Parents or Brookline from September 1, 2009 until November 21, 2009 are time-barred, as a matter of law pursuant to 20 U.S.C. §1415(f)(3)(C).

Parents argue that they should be able to go back beyond the two year statute of limitations based upon "Brookline's continuing wrong of refusing to offer a placement" and that "the entire wrong can be addressed as long as any part of it is with/in the statute of limitations." However, the two year statute of limitations included in the 2004 Amendments to the IDEA (effective January 1, 2005) provides only two specific exceptions to the two year statute of limitations, found at 20 U.S.C. §1415(f)(3)(D):

(D) Exceptions to the timeline. The timeline described in subparagraph (C) shall not apply to a parent if the parent was prevented from requesting the hearing due to –
(i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
(ii) the local educational agency's withholding of information from the parent that was required under this part [20 USCS §§ 1415 et seq.] to be provided to the parent.

Neither of these two exceptions cited is applicable to the instant case. Further, those federal court cases which have interpreted the IDEA two year statute of limitations since its effective date of January 1, 2005 have all held: 1) that these two above-cited exceptions are the exclusive exceptions to the two year statute of limitations; and 2) that except for these two exceptions, the IDEA statute of limitations is not subject to any equitable tolling or continuing violation theory. (See J.L. ex rel J.L. v. Ambridge Area School Distrct, 662 F. Supp 2d 257 W. D. Pa (2008); Evan H. ex rel. Kosta H. v. Unionville-Chadds Ford School Dist., 2008 WL 4791634 E. D. Pa. (2008); P.P. ex rel. Michael P. v. West Chester Area School Dist. 585 F. 3d 727 (3rd Cir. 2009); Ball v. Board of Educ. of Albuquerque Public Schools 2008 W. L. 4104070; D. C. and A. C. Individually and a/n/f T. C., A Minor Student v. Klein Independent School District, C. A. No H-09-1714 S. D. Tx. (2010).

As stated in **STATEMENT OF POSITIONS** above, Brookline persuasively argues that Parents knew or should have known Brookline's position since September 2009 because the 2009-2010 IEP proposing an out of district day placement for Earl was proposed in September 2009. Since Parents did not request a due process hearing regarding the 2009-2010 school year until November 21, 2011 all of Parents claims pertaining to the 2009-2011 school year are barred by the above cited statute of limitations as a matter of law.

Parents argue that in any event, they certainly can recover for all costs after November 21, 2009, since from that date onward they are within the two year statute of limitations time period. Unfortunately, neither 20 U.S.C. § 1415(f)(3)(C) or (D) nor any of the cases cited by the parties address the specific issue before me, to wit: if Parents knew or should have known about the alleged actions that form the basis of the complaint beyond the two year statute of limitations time period, are they then foreclosed from recovering for a time period that falls within the two year statute of limitations two year period. Clearly, from November 21, 2009 onward Parents claims are within the two year statute of limitations time frame. Acceptance of Brookline's position would result in Parents being foreclosed from litigating seven months of the 2009-2010 school year that clearly fall within the two year statute of limitations timeline. Given the lack of statutory or decisional guidance on this issue, I am unwilling to effectively shrink the IDEA's mandated two year statute of limitations timeline. Both Parents and Brookline had legal rights and responsibilities during the period from November 21, 2009 until the end of the 2009-2010 school year.

Therefore, I rule that Brookline's Motion to Dismiss claims pertaining to the 2009-2010 school year is **GRANTED** for the time period from September 1, 2009 through November 21, 2009. Brookline's Motion to Dismiss with respect to claims pertaining to the 2009-2010 school year is **DENIED** for the period November 22, 2009 until the end of the 2009-2010 school year.

## II

The Resolution Agreement executed by the parties, reproduced in its entirety above, is a simple, "bare bones" agreement. Brookline agreed to write an IEP for Earl for a day placement at Eagle Hill for the 2010-2011 school year, including necessary transportation, and to fund such placement. Parents agreed to pay for all other costs and expenses (i.e. the residential component), and to withdraw their hearing request. Brookline upheld its part of the agreement. Parents upheld their part of the agreement. I take administrative notice that on August 26, 2010 Parents' attorney wrote to the BSEA withdrawing BSEA #11-0937, as follows:

> On behalf of [Parents] I withdraw the Request for Hearing submitted on July 30, 2010 and scheduled to be held on September 2, 2010. <u>Parties have executed a Resolution Agreement regarding the 2010-2011 school year.</u> Emphasis added.

Parents argue that the Resolution Agreement does not relieve Brookline of liability, and that to create an enforceable settlement agreement the terms must be comprehensive, specific and achieve a true quid pro quo. Parents cite this Hearing Officer's decision in <u>In re: Wachusett Regional School District 14 MSER 382 (2008) (Wachusett)</u>.

Wachusett did involve an extremely comprehensive, highly detailed settlement agreement covering virtually every contingency. However, such comprehensiveness is not a requirement for a binding agreement between the parties. In <u>Masconomet Regional School District</u> 16 MSER 408 (2010)(Masconomet), this Hearing Officer upheld a concise, simple Agreement Reached Through Mediation (which achieved a true quid pro quo for each party) in which the parent was represented by an experienced advocate and the school was represented only by its Director of Special Education. As noted in <u>Masconomet</u> at 16 MSER at 409:

> Both federal and Massachusetts special education law provide for mediation. (See 20 U.S.C. § 1415(e); 34 CFR §300.506; 603 CMR 28.08(4). Both 20 U.S.C. § 1415(e)(2)(F)(ii) and (iii) and 34 CFR §300.506(b)(6)(ii) and (7) provide that if parties reach resolution at mediation that they shall <u>execute a legally binding agreement that sets forth their resolution; is signed by both the parent and a representative of the agency who has the authority to bind such</u>

7

>agency; and that such <u>written and signed mediation agreement is legally enforceable</u> in a state court of competent jurisdiction or in a district court of the United States. Emphasis added. Similarly, federal statute and regulation 20 U.S.C. § 1415(f)(1)(B) and 34 CFR §300.510(c)(1) and (2) <u>provide for resolution sessions and agreements, with the same criteria</u>: that the parties shall execute a legally binding agreement; that is signed by both the Parent and a representative of the agency who has the power to bind such agency; and which agreement is enforceable in state or federal court.
>
>Based upon the provisions for both mediation agreements and resolution session agreements, I conclude that the thrust of both federal and state special education statutes and regulations is to promote settlements, whenever possible, without the necessity of proceeding to a full due process hearing. Further, the above cited statutory and regulatory provisions clearly establish that Parents have the authority to enter into a binding, legally enforceable, mediation or resolution/settlement agreement on behalf of t heir child and be legally bound by its terms. <u>If parents were not legally bound by a mediation or resolution/settlement agreement that they voluntary entered into and derived the full benefits of, query whether any school district would ever into an any type of agreement with parents. The intent of the statutory and regulatory provisions with respect to mediation and resolution agreements would be effectively subverted.</u> Emphasis added.

   The above analysis in Masconomet is equally compelling in the instant case. While not as comprehensive as <u>Wachusett</u>, I find the instant Resolution Agreement to be a specific, straightforward agreement which clearly did create a quid pro quo for both parties. Parents gained from Brookline an IEP for Earl for a day placement at Eagle Hill for the 2010-2011 school year with attendant full funding from Brookline for such day placement at Eagle Hill. The consideration from Parents was their funding of all other expenses at Eagle Hill for the 2010-2011 school year (residential component) and a withdrawal of their hearing request for the 2010-2011 school year. Both sides gained certainty and closure (in lieu of the uncertain outcome of a Hearing). Thus, the instant Resolution Agreement clearly met the criteria for a quid pro quo as set out by this Hearing Officer in <u>Wachusett</u>.

   I conclude that the Resolution Agreement executed by the parties is a legally binding and enforceable resolution agreement. Each side received the benefit for which it bargained. As Parents acknowledged in their withdrawal of BSEA #11-0937, they had "<u>executed a Resolution Agreement regarding the 2010-2011 school year</u>." [Emphasis added.]

8

Therefore, Brookline's Motion to Dismiss Parents' claims with respect to the 2010-2011 school year is **GRANTED**.

**ORDER**

I. Brookline's Motion to Dismiss Parents' claims pertaining the 2009-2010 school year is **GRANTED** for the period from September 1, 2009 through November 21, 2009, but is **DENIED** for the period from November 22, 2009 to the end of the 2009-2010 school year.

II. Brookline's Motion to Dismiss Parents' claims pertaining to the 2010-2011 school year is **GRANTED**.

III. A pre-hearing conference call will take place on February 15, 2012 at 4:00 P.M. regarding further proceedings in this case.

By the Hearing Officer

_____

Dated:

9